# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| OSCAR HALL, | ) |
| | ) |
|     Petitioner, | ) |
| | )    CAUSE NO. 3:17-CV-263 JM |
|     v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|     Respondent. | ) |

## OPINION and ORDER

Oscar Hall, a *pro se* prisoner, filed an amended habeas corpus petition attempting to challenge his conviction and 60 year sentence for murder in the Marion Superior Court on August 24, 2011, under cause number 49G02-1104-MR-024823. (DE # 4 at 1.) Habeas corpus petitions are subject to a strict one-year statute of limitations and Hall's petition is untimely.

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or

> claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Nothing in his response – nor anything else in the petition – indicates that State action impeded him from filing sooner or that his claims are based on a newly recognized constitutional right or newly discovered facts. Thus, Sections 2244(d)(1)(B)-(D) do not apply, and the one-year period of limitation began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" pursuant to 28 U.S.C. § 2244(d)(1)(A). Hall did not file a direct appeal in State court. (DE # 4 at 1-2.) Hall was sentenced on August 24, 2011. (DE # 4 at 1.) Under Indiana law, he had until September 26, 2011, to file his direct appeal. *See* Indiana Rules of Appellate Procedure 9, 25(A). Thereafter, Hall had until September 27, 2012, to file his petition for habeas corpus in federal court. He did not do so.

Hall asserts that his petition is timely because it was filed within 30 days of the conclusion of his State court civil counterclaim case. (DE # 4 at 10.) It is unclear if, or how, his civil counterclaim is related to his murder conviction. However, even assuming that it is related, by the time he filed the counterclaim in May 2016, it was already time-barred as a challenge to his conviction.

Because this habeas corpus petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred. *See United*

*States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted); *Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

As a final matter, pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable: (1) whether the court was correct in its procedural ruling; and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal *in forma pauperis* because an appeal could not be taken in good faith.

For the foregoing reasons the court **DISMISSES** this case pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11 and leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Date: August 1, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT